D. M. PUTERBAUGH, Plaintiff in Error, *vs.*. TOWNSHIP BOARD OF EDUCATION OF TOWNSHIP No. 1, R. 6 and 7 EAST, IN JEFFERSON COUNTY, Mo., Defendant in Error.

1. *Schools—Township boards—Contracts—Suits by teachers for salary—Statutes, construction of.*—A suit could be brought against a Township Board of Education by a teacher employed by the local directors for his salary, under the Statutes of 1865, (Chap. 46.)

*Error to Jefferson Circuit Court.*

*John J. Williams*, for Plaintiff in Error.

I. The Township Board of Education is responsible for the teachers' wages; it is a body politic with power to sue and be sued, while the local board has no legal existence as a person either natural or artificial, and hence can neither sue nor be sued. The whole tenor of the School law, plainly shows that the Township Board is the only responsible party. (R. C. 1865, Chap. 46.)

*Abner Green*, for Defendant in Error.

I. The Township Board of Education is not liable, on the contract made by the local directors.

II. The Township Board did not employ the teacher, nor hold any funds belonging to the sub-district, nor was it the duty of such board to procure the funds, nor did the teacher render any services for such board. (R. C. 1865, Chap. 46.)

III. By the School law, (R. C. 1865, p. 258, § 7,) the local directors are authorized to make certain contracts, for which the Township Board is responsible, but as the employment of teachers is not included in the class of contracts referred to in this section, the presumption is, that it was purposely omitted.

IV. The Township Board is authorized (R. C. 1865, p. 259, § 12) to employ and pay teachers for teaching in the central or high schools. Hence it is obvious, that such board is only liable for such contracts as it makes in the employment of teachers, and it is nowhere authorized to employ teachers in

the primary schools, but such power is expressly given to the local directors.

ADAMS, Judge, delivered the opinion of the court.

This was an action commenced before a justice of the peace for a balance alleged to be due the plaintiff for teaching a school in sub-district No. 2, which formed a part of the township of which the defendant was the Township Board of Education.

The contract for teaching the school was made in writing, the 1st of January, 1868, with the local directors of the sub-district, to teach a school for four months at $45.00 per month. He taught the school until his wages amounted to $92.61, and his account was audited; and the clerk of the Township Board of Education gave him an order on the County Treasurer for the same, on the 6th of May, 1868. He presented the order, and nothing was paid on it for want of funds, till in May, 1869, when he received $42.70; and he brought his suit for the balance of his account. He obtained judgment before the justice, and the defendant took an appeal to the Circuit Court, where the case was tried, and resulted in a judgment in favor of the defendant; and the plaintiff has brought the case here by writ of error.

The only material point presented by this record is, whether the local directors, or the Township Board of Education, were the proper parties to be made defendants.

This question grows out of the instructions given and refused by the court. The court instructed, that the defendant was not liable for the teacher's wages growing out of a contract with the local directors, and refused an instruction asserting their liability. This contract was made under the provisions of the school law, as found in General Statutes of 1865. This law was revised in 1868, after this contract was made, and also in 1870. Whether the local directors, under the law as it now exists, can be sued on a contract with a teacher, or whether his suit must be against the Township Board of Education, we are not now called upon to decide.

By section six of the School law of 1865, the local directors were expressly allowed to employ teachers, and also to dismiss them, provided such dismissal should receive the sanction of the Township Board. Section seven of the same law authorizes the local directors to make various contracts specifically named therein, and also to make " all other provisions necessary for the convenience and propriety of schools within their sub-districts." And all contracts, made by the local directors under the provisions of this section, must be reported to the Township Board of Education, &c. This section also provides, that the Township Board of Education, in their corporate capacity on the part of the sub-district, shall be held responsible for the performance thereof. (See General Statutes, p. 258.) There is no reason why a contract with a teacher should not come under the general provision referred to in section seven. In my judgment, that was the intention of the legislature. Section ten of the same law makes the Township Board of Education "a body politic and corporate" with power to sue and be sued.

In my opinion, the Township Board of Education could be sued on this contract, for the balance due the plaintiff.

Judgment reversed and cause remanded. The other Judges concur.