STATE OF MISSOURI, *ex rel.* AUGUST REBENACK, Respondent, *v.* MICHAEL FOERSTEL *et al.*, Appellants.

#### June 19, 1876.

Plaintiff obtained judgment against township board of education, as trustee to use of sub-district No. 3, on suit commenced under school law of 1870. Before judgment the school law of 1874 was enacted, vesting the title to the school property, formerly held by the township board as trustee of sub-district No. 3, in district No. 6, which was incorporated for that purpose, and succeeded to all the rights and property of sub-district No. 3. *Held,* that *mandamus* would lie to compel the board of directors of district No. 3 to direct their clerk to draw his warrant on the county treasurer, in favor of plaintiff, for the amount of said judgment and costs.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Lighthizer,* for appellants, cited: Wag. Stat. 123, secs. 7, 8, 19, 24, 27; Lewis *v.* Barclay, 35 Cal. 213; *Ex parte* Ostrander, 1 Denio, 682; *Ex parte* Newman, 14 Wall. 165; Perry on Trusts, secs. 873, 874; People *v.* Dubois, 33 Ill. 140; People *v.* Breman, 39 Barb. 651; People *v.* Thompson, 25 Barb. 73.

*Aug. Rebenack,* for respondent, cited: Puterbaugh *v.* Township Board, 53 Mo. 472; Wag. Stat. 295, secs. 36, 31.

BAKEWELL, J., delivered the opinion of the court.

This was an application for a *mandamus* to compel defendants, as board of directors of school district No. 3, township 45, St. Louis county, to direct the clerk of said board to draw his warrant upon the treasurer of St. Louis county, in favor of petitioner, for the sum of $412.60, interest and costs, being the amount of a judgment

recovered by plaintiff, on March 30, 1874, against the township board of education, as trustee to the use of sub-district No. 3, for damages arising from relator's unlawful discharge as teacher of said sub-district No. 3 of said township.

The contract of relator with the board of directors was made, his cause of action accrued, and suit was commenced by him under the revision of the school law of this State in force in 1870. Judgment was obtained a few days after the enactment of the school law of 1874.

Appellants, in their return, admit that judgment was obtained as alleged by the relator, but deny that he had a sufficient cause of action; say that the sub-district No. 3 had a valid defense to his claim; and say that it is not a party to the judgment against the township board of education.

The Circuit Court, on hearing, found all issues in favor of relator, and granted a peremptory writ. A motion for rehearing having been overruled, the cause is brought here by appeal.

The contract with relator was made with the local directors of the sub-district, under the law of 1870. They were, under the law, the persons authorized to contract with teachers, and having the care and keeping of the property of the sub-district. But the title to all the school property was then, by law, vested in the township board of education, which was, by the law, created a body corporate. All contracts made with teachers are to be filed with the township clerk, and the township board of education itself is composed of the clerks of the sub-districts within the township limits, and all expenses incurred by the local directors for the sub-district are to be paid by the township clerk, on the order of the clerk of the sub-district, out of any funds for that purpose belonging to the sub-district. We think that under this law the township board of education, and not the local directors, were the proper parties defendant

to a suit by a teacher, under a contract such as the one before us. *Puterbaugh* v. *Township Board*, 53 Mo. 472.

After the commencement of suit, however, and on March 26, 1874, four days before judgment was rendered for plaintiff's relator against the township board of education, a new school law was passed incorporating all sub-districts, and giving them the legal title to all property theretofore held in trust for them by the township boards. District No. 3, under the new and existing law, succeeds to the liabilities, as well as the rights, of sub-district No. 3, and we see nothing in this change in the law which need, in any way, affect the remedy of plaintiff's relator.

By law, no execution could issue against any property of the township board of education, and it is made the duty of the district clerk to draw his warrant on the county treasurer in favor of any party to whom the district has become liable as a teacher, said warrant to be paid out of any moneys, in the appropriate funds, in the hands of said treasurer and belonging to the district.

We think the relator was clearly entitled to his remedy by *mandamus*, and that the Circuit Court committed no error in granting the peremptory writ. The judgment of the Circuit Court is, therefore, affirmed. All the judges concur.